**CORRECTED MANDATE**

14-1224-cv
Tran v. Bank of New York et al.

N.Y.S.D. Case #
13-cv-0580(RPP)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of July, two thousand fifteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 22, 2015

ANH NGUYET TRAN, CHRISTINA T. SOULAMANY
& LAI SOMCHANMAVONG, COLLEEN DWYER, ELAINE PHAN,
HOA V. NGUYEN, HUAN N. TRAN, HUNG V. NGUYEN,
KAY APHAYVONG, KIM-THUY NGUYEN, MIA L. PHAM,
MINH A. TRINH, NHIEU TRAN, PATRICIA GUNNESS,
PATRICIA S. ADKINS, FKA PATRICIA S. OLSON, PETER
DELAMOS, PETER HA & TINA LE, PHOKHAM SOULAMANY
& PHETSANOU SOULAMANY, SARAH M. YOUNG,
SUONG NGOC NGUYEN & LONG LE, THAI CHRISTIE
& SEQUOIA HOLDINGS L.L.C., THIEM NGO, THUAN T. TRAN,
THU LAM TRAN, THUY-TRANG NGUYEN, TRI THIEN NGUYEN,
TUY T. HOANG & THOMAS T. HOANG, TUYEN T. THAI,
TUYETLAN T. TRAN, UYEN T. THAI & THONG NGO,
 VAN LE FKA VAN T. NGUYEN, VU DINH,

*Plaintiffs-Appellants,*

v.                                                        14-1224-cv

BANK OF NEW YORK, now known as BANK OF NEW YORK
MELLON by merger and/or acquisition, DEUTSCHE BANK
NATIONAL TRUST COMPANY, HSBC BANK USA, N.A.,
U.S. BANK NATIONAL ASSOCIATION, WELLS FARGO BANK,

**MANDATE ISSUED ON 07/22/2015**

NATIONAL ASSOCIATION,

*Defendants-Appellees.*[1]

_____

| | |
|---|---|
| Appearing for Appellants: | TOMAS ESPINOSA, North Bergen, N.J. |
| Appearing for Appellees: | ERIC R. SHERMAN, Dorsey & Whitney LLP, (Christopher G. Karagheuzoff, *on the brief*), Minneapolis, Minn., *for US Bank National Association, as Trustee.* |
| | Scott H. Kaiser, Bryan Cave LLP, (Christine B. Cesare, Nafiz Cekirge, *on the brief*), New York, N.Y., *for the Bank of New York Mellon, as Trustee*. |
| | Brian S. McGrath, Hogan Lovells US LLP, (Allison J. Schoenthal, Lisa J. Fried, *on the brief*), New York, N.Y, *for HSBC Bank USA National Association, as Trustee, and Wells Fargo Bank National Association, as Trustee*. |
| | BERNARD J. GARBUTT III, Morgan, Lewis & Bockius LLP, New York, N.Y., *for Deutsche Bank National Trust Company, Solely in its Capacity as Trustee*. |

Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants appeal from the March 26, 2014 judgment of the United States District Court for the Southern District of New York (Patterson, *J.*) granting the motion to dismiss of Defendants-Appellees on the basis that Plaintiffs lacked standing to bring any claim based on alleged breaches of Pooling and Servicing Agreements to which they were neither parties nor intended third-party beneficiaries. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review the district court's grant of a motion to dismiss *de novo*, but may affirm on any basis supported by the record." *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 366 (2d Cir. 2014). We accept the factual allegations in plaintiffs' complaint as true for purposes of reviewing the district court's dismissal for failure to state a claim, or for lack of standing, to the extent that the dismissal was based on the pleadings. *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 81 (2d Cir. 2014).

---

[1] The Clerk of the Court is directed to amend the case caption as above.

2

       Here, Plaintiffs do not identify any basis for distinguishing their claim from the claim at issue in *Rajamin*, where this Court recently held that mortgagors, who were not trust beneficiaries, lacked constitutional and prudential standing to bring an action based on trustee conduct that allegedly contravened the trust instrument. *Id.* at 88. Rather, Plaintiffs request that we both reverse the district court and overrule, overturn, or modify our decision in *Rajamin* because Plaintiffs assert that those decisions improperly construed New York Estates, Powers, and Trusts Law § 7-2.4. It is well established that we are "bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004). We therefore decline the invitation to revisit this Court's sound reasoning in *Rajamin*.

       We have considered the remainder of Plaintiffs' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

                                            FOR THE COURT:
                                            Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3